Lamar Louis Johnson
Reg. No. 34468-171
Edgefield F.C.I.
 P.O. Box 725
Edgefield, S.C., 29824

In The
United States District Court
For The District of South Carolina

| | | |
|---|---|---|
| United States of America,<br>Plaintiff-Respondent,<br><br>v.<br><br>Lamar L. Johnson,<br>Defendant-Movant. | §<br>§<br>§<br>§<br>§<br>§ | Case No. 19-CR-550<br><br>Johnson Files Timely Under<br>28 U.S.C. § 2255, And Herein<br>Incorporates His Memorandum<br>Of Law |

Lamar Louis Johnson ("Johnson"), in want of cousel, hereby moves timely under Section 2255, of Title 28 United States Code, and herein incorporates a memorandum of law supporting his arguments for the vacatur of either his conviction or sentence.

I.  Johnson's Motion Is Timely.

Johnson's direct appeal was affirmed on June 27, 2023, United States v. Johnson, NO. 21-4542 (4th Cir. 2023. The Fourth Circuit denied rehearing on August 4, 2023. Johnson's certiorari was due by November 3, 2023, and under Clay v. United States, 537 U.S. 522, 525 (2003), Johnson has a year from November 3, 2023 ro timely file his motion. United States v. Segers, 271 F. 3f 181, 186 (4th Cir. 2001).

II.  Statement of the Case

Johnson was involved in a conspiracy to distribute "five-kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. After multiple conversations with his plea lawyer and based upon what information the lawyer provided he pled guilty to that count. Specifically. counsel advised Johnson that a plea of guilty is followed by the following prodedures  First, the Court would have to agreed, after hearing the Government's case, to accept the plea agreement.  Thereafter, the Court would order a Presentence Report and according to counsel that would be where the final calculations for sentencing would come from, and then counsel could object to any factors that Johnson thought to be incorrect.

Johnson, however, asked counsel what factors would be considered in these calculations.  when Johnson inquired about drug quantity he was specifically told by counsel that his Guidelines range would be calculated based upon the "five-kilograms" of cocaine.  When Johnson inquired about the "27-kilo-wrappers" that tested positive for cocaine, counsel very specifically told him that in the absence of admitting this Johnson could not receive acceptance of responsibility. Counsel, at no time, explained what relevant conduct was or how it may come into play in the calcuations of the sentence.

From inception, Johnson was concerned about his prior convictions and requested counsel to review the convictions and moved for their vacatur to avoid any later problems since so many of them concerned marijuana.  While counsel assured Johnson that he

would look into them he never addressed that matter again, and these convictions were center stage to Johnson's sentencing, and the most counsel did was to try to mitigate them because of them being marijuana convictions. So lacking was counsel's performance that that he failed to attack these convictions in the state court where a vacatur would have eliminated any reference to them, and therefore, Johnson's criminal history would have been reduced causing his guidelines range to very different. Instead, even at sentencing counsel simply argued that the Court could find Johnson's prior offenses were over-represented and it could downward vary from the, what the lawyer found was a correctly calculated guidelines range.

Perhaps more telling is the fact that even on appeal counsel's unreasonable performance from the district court haunted Johnson when the Government moved to dismiss appeallant counsel's arguments regarding Johnson's criminal history score. Had counsel at the early stages of this case simply challenged the state convictions in state court the Government, nor the probation department would have no footing for such a lengthy sentence.

   III.   Plea Counsel Failed To Inform Johnson Of
          How The Guidelines Used Relevant Conduct
          And Erred In Telling Johnson That Failure
          To Admit All Conduct Would Eliminate Any
          Acceptance Of Responsibility. Was Johnson
          Denied Effective Assistance Of Counsel At
          The Plea And Sentencing Stage?

Here, counsel had a constitutional obligation to understand the "intricacies of the law." See United States v. Ash, 413 U.S. 300 (1973), and this Court must agree that at a minimum, the Sixth

Amendment right to effective assistance that Johnson deserved during the plea decision and preparation for sentencing is missing. Counsel in this case, provided Johnson with a calculation of what he faced with a plea of guilty. That is, counsel looked at the Guidelines found level 30, reviewed Johnson's criminal history and explained he faced 168-210 months <u>before acceptance of responsibility</u>. As counsel explained it Johnson would receive two (2) points for a prompt decision and the Government would probably move for a third point leaving him with a base offense range of 27, with criminal category VI, yielding a sentence of 130-163. Based on this information Johnson agreed to plead guilty and save the Government the expense of a trial.

Johnson appeared before this Court for his change of plea and the Government defended it implications of the actual plea agreement. When JOhnson inquired about the mix up in quantity, meaning the indictment and what the plea agreement stated, counsel informed JOhnsons that this argument was best addressed at sentencing. In fact, counsel informed Johnson that since the Guidelines were advisory and his statutory penalty did not change with an early argument the Guide;ines were not more than a recommendation to the Court.

Counsel informed Johnson to simply accept the agreement without objections and he would present arguments at sentencing. What is more, counsel informed Johnson that if he objected at that stage to the drug quantity he would not receive acceptance of responsibility. In other words, according to counsel if Johnson objected to drug he could not receive the three pojnts or even the two points and that

he would receive a higher sentence and be unable to plea anew. See United States v. McCoy, 215 F. 3d 102, 108 (D.C. Cir. 2000)("Familiarity with the structure and basic content of the Guidelines . . . has become a necessity for counsel who seeks to give effective representation." (quoting United States v. Day 969 F. 2d 39, 43 (3rd Cir.1992)). Clearly, for this case, counsel had no idea that Johnson could not be penalized for not accepting responsibility of "relevant conduct" in the case. Especially since Johnson was waiving critical rights and his rights to appeal (under the waiver) certian guideline calculations. The Government will argue that there is no proof of these conversations with counsel but as the Fith Circuit observed in United States v. Reed, 719 F. 3d 369 (5th Cir. 2013): "[I]t is hard to imagine what additional evidence could Reed present to establish what his counsel told him in a presumably private conversation." Id. at 374. IN that case Anthony Reed's lawyer misadvised him on his Guidelines range and he filed under § 2255 claiming ineffective assistance of cousnel based on these miscalculations. The districrt court denied Reed's motion but the Fifth Circuit vacated the order and sent the case back to the district court on that claim. Here, Johnson files this claim under the penalty of perjury and does under 28 U.S.C. § 1746.

Counsel misadvise during a critical time in the proceedings deined Johnson of his right to effective assistance of counsel. At a minimum, counsel should have investigated the guidelines and properly advised Johnson of his exposure and what the consequences if he pled guilty regarding his inability to argument against the relevant conduct. The court should find that Johnson was denied effective assistance of counsel vacate his sentence and resentence

without the relevant conduct that increased his sentence. This argument, according to the Supreme Court decision such as Ash; Maine v. Moulton, 474 U.S. 159 (1985). Curby v. Illinois, 406 U.S. 682 (1972), Mentau v. Rhay, 389 U.S. 128 (1967), Johnson had a right to effective assistance of counsel when he was confronted with teh "intricacies of law" as it applies to his sentencing preparation and as it applies to a basic explanation of the Guideline for sentencing purposes.

> IV. As The Record Clearly Shows Johnson's Criminal History Played A Significant Part In The 324-Month Sentence. Therefore, Johnson Informed His Lawyer That Many Of His Prior Convictions Involving Marijuana Were Disposed Without Counsel. In That Vein, Johnson Requested Counsel To Attack These Conviction In The Respective Courts To Avoid Them Coming Into The Sentencing Calculation. Counsel, Instead, Failed To Investigate The Prior Convictions And Move For The Vacatur. Was Johnson Denied Effective Assistance Of Counsel Where Even Johnson Informed Counsel Of The Problems With His Prior Convictions Johnson's Request Was Ignored?

It is undisputed that Johnson's lawyer[s] were duty bound to investigate his prior convictions and if necessary, that they are legally flawed, to have them set aside. "The notion that defense must obtain information that the State has and [the Government] will use against teh defendant is not simply a matter of common sense." Rompilla v. Beard, 545 U.S. 374, 387 (2005). The Supreme Court observed in pointed to the district court in Rompilla "the American Bar Association Standards for Criminal Justice in circulation at the time of [his] trial describes the obligation in terms no one could misunderstand in the circumstances of a case like [that] one:"

> It is the duty of a lawyer to conduct a prompt
> investigation of the circumstances of the case
> and to explore all avenues leading to facts
> relevant to the merits of the case and the
> penalty in the event of conviction. The
> investigation should always include efforts to
> secure information in the possession of the
> prosecution and law enforcement authorities.
> The duties to investigate exists regardless
> of the accused's admissions or statements to
> the lawyer of facts constituting guilt or the
> accused's desire to plead guilty.

Rompilla, 545 U.S. at 387 (quoting 1 ABA Standards for Criminal Justice 4-4.1 (2ed 1982 Supp). In fact, in footnote 7 of the Rompilla decision the Court notes: "Counsel must . . . investigate prior convictions . . . that could be used as aggrvating circumstances or otherwise come into evidence. If a prior conviction is legally flawed, counsel should seek to have it set aside. . . ." The Eleventh Circuit as well as the Seventh Circuits have found that failure to investigate prior convictions amounts to ineffective assistance of cousnel. See Esslinger v. Davis, 44 F.3d 1515, 1529 (11th Cir. 1995)(counsel failed to investigate non-capital defendant's criminal record, which was used to enhance sentence); Lewis v. Lane, 832 F. 2d 1446, 1453-58 (7th Cir. 1987)(counsel failed to investigate portions of defendant's criminal record that were used to establish an aggravating factor).

In the case, Johnson very specifically inromed counsel that his prior convictions were resolved without counsel and that he wanted them to be investigated and if necessary set aside. Thsi was evident by the mis-argument made in the Court of Appeals were the lawyer stated incorrectly that Johnson was not represented by counsel in that Court. The fact is, had counsel in the district court

investigated Johnson's prior convictions he would have learned that in many of those case he was **not** represented by counsel and that they were open to collateral attack.

Furthermore, as the dissent observed in Johnson v. United States 544 U.S. 295 (2005), "[t]oday the Court says defense counsel msut divert scarce resources from these heavy responsibilities to commence collateral proceedings to attack state convictions." Id at 318. The fact is, had counsel investiagted Johnson's prior convictions, he would have learned that they were devoid counsel and that they were a exellent canidate to vacatur, calling for their absence from the PSR, and subsequently would not have come into the proceedings at sentencing, which would have resulted in a lower sentence. Nothing prevented counsel from conducting an investigation and commencing collateral proceedings, and there was penalty of time to due, as the record shows Johnson was simply sitting in custody for years waiting to have the instant case resolved.

Johnson affirms under the penalty of perjury that he instructed counsel to investigate his prior convictions and have the ones where no counsel was presented to set aside and he failed to do so. This Court msut find that counsel in this case failed to provide effective assistance and that such unreasonable performance resulted in Johnson receiving a harsher sentence.

V. The Constitution Requires That A Defendant Be Provided Counsel For His Defense, and The Supreme Court Has Determined That Means Effective Assistance of Counsel. This Duty Requires A Lawyer To Provide Enough Information To His Client So That The Defendant Can Make An Intelligent Choice As

To whether Plead Guilty Or Proceed To Trial.
In This Case The Lawyer Grossly Underestimated
Johnson's Exposure If He Pled Guilty. Do
The Unique Circumstances In This Case Show
That Johnson Was Denied Effective Assistance
Of Counsel?

---

Johnson pled guilty to count one of the indictment with an expetation of receiving a guideline range between 130 and 163 months based on the information and estimates provided by counsel. To prevail on an effective-assistance-of-counsel claim, Johnson must satisfy the two part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). first, Jphnson must demonstrate that his lawyer's performance fell below an objective standard of reasonablenese. This prong has been described as "requiring that counsel research relevant facts and law, or make informed decision[s] that certain avenues will not be fruitful. <u>Id.</u> at 687. Seconf, Johnson must also prove that he was prejudiced by teh attroney's substandard performance. <u>Id.</u>

One of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty. <u>Reed v. United States</u>, 354 F. 2d 227, 229 (5th Cir. 1965). An attorney fulfills this obligation by informing the defendant about teh relevant circumstances and the likely consequences of a plea. A defendant, such as Johnson , cannot or could not have made an intelligent choice about whether to plea or go to trial without first being correctly apprised about his exposure under the sentencing guidelines, which is a necessary part of this process. "Failing to properly advise the defendant of teh maximum sentence that he could receive falls below the objective standard required

by Strickland. Teague v. Scott, 60 F. 3d 1167, 1171 (5th Cir. 1995).

Johnson, in this case, sat down with his plea counsel and discussed the potential range in sentencing range before he pled guiilty. In this private conversation, counsel showed Johnson his estimate of the potential sentence that the Court may impose, if the Court accepts the guilty plea. Johnson inquired about what he had heard of, what was a Rule 11(c)(1)(C) plea, and if he could one of those. plea counsel informed Johnson that he did not believe that it would be necessary because this Court would realize that near 14-years of prison time was a significant sentence and it would deter him crom further crimes.

In fact, Johnson discussed this sentence with his wife and she beleived that was a lot of time for the drugs he was caught with. Johnson contacted counsel and reiterated what he was told regarding his sentencing exposure and agreed to plead guilty. Johnson pled guilty and this Court ordered a PSR, which as the record shows he did not review until sentencing. Johnson cannot explain why his lawyer failed to sit down with him once it was received by counsel. It is well settled that an attorney who underestimates his client's sentencing exposure by sum 100% performs deficiently becuase he does not provide his client with the information about accepting a plea or going to trial.

Prejudice in this case is absolute under Glover v. United States, 531 U,S. 198, 203 (2001), where the Court found that any amount of actual jail time is prejudical for purposes of Strickland.

The only mention by plea counsel about any more time was that if Johnson lost at trial any additional facts that may come up in that proceeding may result in a sentence between ten (10) years and life. And while clunsel told Johnson that it was unlikely that he would receive life for a non-violent drug offense he in all likelihood would receive a more severe sentence.

Further discussions involved the career offender provision which Johnson learned later was inapplicable because § 846 at the time of his case would not be designated as a "controlled substance offense" for purposes of the career offender provision under Fourth Circuit precedent. To date however, since Johnson was in disbelief of this underestimation, he does not know if he was sentenced under or as a career offender, or on the uncharged drug amount. Plea counsle at discussions mentioned a provision udner 21 U.S.C. § 851, and explained its increase in the statutory mandatory minimum. Counsel never explained to Johnson that such a provision would be subject to the Fifth and Sixth Amendments, being that it would be a jury's job to determine whether he served more than a year and the length of time since the conviction. what is more, counsel never explained that it was inapplicable because these fatcors were not charged in the indictment.

Johnson was completely mis-led by his plea and sentencing lawyer, and this actions denied him an opportunity to make an intelligent choice about going to trial or accepting this plea deal. This Court msut find that counsel performed unreasonably ,and that such conduct prejudice Johnson, vacate the plea and permit a hearing

to determinme the appropriate relief.

Conclusion

Johnson prays that the Court will appoint counsel and grants his motion reducing his sentencing to teh estimate by counsel or permit him to withdraw his plea and start anew. In addition, provide whatever relief this Court may deem appropriate under 28 U.S.C. § 2106. To be clear, Judge, Johnson does not dispute his portion of responsibility, and remained poised that was involvedin count-one.

Filed this 16th day of August 2024 under the penalty of perjury.

_____
Lamar Johnson